# CV 09 2498

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 1 1 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WILLIAM H. ENGLANDER,                    (& F.)

                                  Plaintiff,

            - against -

THOMAS P. DINAPOLI, as Comptroller of the State
of New York, and KEVIN F. MURRAY, as Deputy
Comptroller of the State of New York,

                            Defendants.

------------------------------------------------------------------------X

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

**Plaintiff Demands
A Jury Trial**

WEXLER, J.

BOYLE, M.

Case No.:

        Plaintiff, William H. Englander, complaining of the Defendants, alleges the following upon information and belief:

## NATURE OF THE ACTION

        1.        This is a civil action brought pursuant to 42 U.S.C. § 1983, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution challenging the constitutionality of methods employed by the Defendants in an effort to strip the Plaintiff, William H. Englander, of protected property rights as a participant in the New York State and Local Employee Retirement System ("ERS"). The Defendants are

1

acting to deprive Plaintiff Englander of pension benefits earned from certain civil service employment without providing pre-deprivation due process, an opportunity for meaningful post deprivation due process, and by illegal retroactive application of new policies and regulations.

2.     Consequently, Plaintiff Englander seeks judgment declaring that these actions by Defendants taken to deprive him of protected property rights are unconstitutional, and that they be directed and enjoined, pursuant to 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to reinstate Plaintiff's membership retroactively in ERS, with back pension payments, plus interest.

## JURISDICTION AND VENUE

3.     This action by Plaintiff Englander to redress conduct by the Defendants, acting under color of state law, arises under the Constitution of the United States and 42 U.S.C. § 1983.

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5.     Venue is proper in the Eastern District of New York because a substantial part of the events and omissions giving rise to the claim occurred in the Eastern District of New York, and upon information and belief, defendant Thomas P. DiNapoli resides in the Eastern District of New York.

## PARTIES

6.      Plaintiff William H. Englander is an individual residing at 10 Crescent Road, Port Washington, County of Nassau, State of New York, and an attorney in good standing admitted to practice law since 1951.

7.      Plaintiff is a private practice professional who has from time to time since 1951 also been engaged in civil service employment as a part-time school district attorney.

8.      From in or about September 1978 to on or about September 30, 1996, Plaintiff had been employed part time by one or more of Bellmore Union Free School District, Bellmore-Merrick Central High School District, Mineola Union Free School District, North Bellmore Union Free School District, Merrick Union Free School District, and Smithtown Central School District (the "School Districts"). Plaintiff received retirement system credit for each such employment.

9.      Plaintiff Englander retired effective October 1, 1996 and began receiving retirement pension benefits from the ERS.

10.     Defendant Thomas P. DiNapoli is the Comptroller of the State of New York and pursuant to New York Retirement and Social Security Law § 11(a), is the administrative head of the New York State and Local Employees' Retirement System.

3

11.     Defendant Kevin F. Murray is the Deputy Comptroller of the State of New York in charge of the ERS.

## THE UNCONSTITUTIONAL ACTIONS BY DEFENDANTS IN VIOLATION OF PLAINTIFF'S RIGHT TO DUE PROCESS OF LAW

A.          **Background Regarding The New York State Retirement System.**

12.     On July 1, 1940, the New York State Constitution was amended at Article V, § 7 to guarantee that "membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired..." regardless of changes in policy, practice, regulation, or political administration thereafter.

B.          **Background Regarding Plaintiff's ERS Participation.**

13.     Plaintiff Englander was classified as a Tier 3 member of ERS based on public service duty beginning in 1978.

14.     As a Tier 3 member, Plaintiff was entitled to and received pro-rated service credit, including salary credit for calculation of final average salary and retirement benefits, for his appointed part-time civil service positions with the School Districts.

15.     Plaintiff's membership and participation in the ERS is a protected property right pursuant to New York State Constitution Art. V, § 7, and before such property right may be affected, the Due Process Clause of the Fourteenth Amendment to the United States Constitution mandates that he be afforded an adequate and meaningful opportunity to be heard.

16.     On or about August 14, 1996, Plaintiff Englander applied to the ERS for a service retirement to be effective October 1, 1996.

17.     The retirement application was accepted and pension benefits granted following a review of Plaintiff Englander's multiple employments and a determination of their validity by the ERS.  Specifically, Plaintiff Englander was afforded 18.29 years of service credit and a Final Average Salary calculation of $82,970.66.

18.     In reliance upon the acceptance of his retirement application, and prior service credit determinations made by the ERS regarding qualified service in the various School District positions he held, Plaintiff Englander retired effective October 1, 1996 and thereafter began receiving pension benefits from the ERS.  His initial monthly payment was fixed at $2,107.69, less $130.07 in withholdings. As of January 2009, Plaintiff Englander's monthly net pension payment was $2,237.08.

19.     Plaintiff selected a retirement option which allows for the continuation of payments of his retirement allowance to his spouse in the event he predeceases her.

C.          **Defendants' Actions To Deny Plaintiff Service Credit.**

20.     On or about December 10, 2008, Defendant Murray, with the advice, knowledge, and consent of Defendant DiNapoli, caused Plaintiff to be sent a letter purporting to initiate a process which would result in revocation of retirement benefits previously approved by the ERS related to the School District positions he held based on the Defendants' "review" finding that he was not an employee but rather an independent contractor.  Specifically the letter stated:

> Based upon a review of your relationship with North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD, it appears that you were registered as an employee when, in fact, you were an independent contractor.  We base this on our review of the records maintained on you by the Retirement System, records provided by the participating employer, and other documentation.
>
> Service rendered to a public employer as an independent contractor is not creditable with the Retirement System. Therefore, it appears your enrollment is invalid.

Attached hereto and made a part hereof as Exhibit "A" is a true and correct copy of the December 10, 2008 letter.  This preliminary determination did not detail the basis for the finding, what data were reviewed, what criteria were applied by the ERS, why the review was initiated, or how long the review process took.

21.     The December 10, 2008 preliminary determination further stated if Plaintiff "disagree[d]" with the finding he must "provide information to the Retirement

6

System in support of retaining your service credit and/or benefits."  Given that no prior notice was afforded, and no information regarding the basis of the ERS preliminary determination was given to Plaintiff Englander, this opportunity to "respond" was rendered meaningless.  Nonetheless, Plaintiff Englander did respond and by counsel's letter to Defendant Murray dated January 16, 2009, provided additional information independently received pursuant to the New York Freedom of Information Law.

        22.    The December 10, 2008 letter is part of a new practice undertaken by the Defendants whereby "reviews" are performed of the retirement service credit earned by private practice professionals who were also employed in the public service and are members of and/or receiving retirement benefits from the ERS.  Such "reviews" are conducted without notice to the individuals that such review is to occur, without advising as to the criteria used to select the individuals whose file will be reviewed, without notice of the standards being applied to such reviews, and without any meaningful opportunity for the individuals to be heard prior to or during the process thereby failing to afford constitutionally mandated and adequate procedural safeguards to protect the Due Process rights of each individual subject to such review.

        23.    Since in or about May 2008, Defendants have illegally applied new policies, practices, and regulations retroactively to review the participation of the individuals in the ERS and strip them of retirement benefits, which participation had been

approved by prior administrations, applying different policies, procedures, and regulations.

24.     The preliminary determination of December 10, 2008 demonstrates that Plaintiff Englander's participation in the ERS was the subject of such a review.

25.     The preliminary determination further advised Plaintiff that following a final determination rescinding pension benefits, which would be accomplished without due process, the ERS would provide written "explanation of your right to an administrative hearing."

26.     By letter dated February 13, 2009, Defendant Murray, with the advice, knowledge, and consent of Defendant DiNapoli, caused Plaintiff to be sent a letter which stated in its entirety:

> Based upon a review of your relationship with the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD, including information provided by you in response to our preliminary determination, it has been determined that you were reported to the Retirement System as an employee when, in fact, you were an independent contractor. Service rendered to a public employer as an independent contractor is not creditable with the Retirement System. Accordingly, any salary and days worked that were previously reported to us by the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD must be removed from our records and your membership deemed erroneous. Your pension payments will be suspended effective immediately.

8

Furthermore, we have advised the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD of this determination. These employers will be credited for any employer contributions concerning this employment.

Since your benefit was based on service and salary that was erroneously reported to the Retirement System, you received pension payments to which you were not entitled for the period of time from October 1, 1996 to January 31, 2009. Section 111(b) of the Retirement and Social Security Law requires the Retirement System to correct over or under payments. Thus, we are required to make recovery of the overpayment amount of $154,318.25. Please submit a check or money order with the enclosed coupon for this amount made payable to the NY State and Local Retirement System.

The recovery amount takes into account any refunds owed to you for employee contributions.

The above constitutes a final agency determination in this matter. Pursuant to Section 74 or 374 of the Retirement and Social Security Law, you have the right to an administrative hearing. A request for a hearing and redetermination must be made within four (4) months of the date of this determination and must be made in writing. Such request should be directed to Deborah Richards, Esq., Director of the Bureau of Hearing Administration, New York State and Local Retirement System, 110 State Street, Albany, NY 12244. Please be advised that, pursuant to the State Administrative Procedure Act, the applicant bears the burden of proof.

Attached hereto as Exhibit "B" is a true and correct copy of the letter to Plaintiff Englander dated February 16, 2009.

27.    The referenced administrative hearing is that provided for in New York State Retirement and Social Security Law § 74 governing applications for retirement.

9

Such a hearing, governed by regulations adopted by the ERS, would not provide adequate or meaningful due process to the individual, already deprived of constitutionally protected property rights without pre-deprivation due process, as he or she would bear the burden of proof, be afforded no discovery from the ERS regarding the factual basis for the determination, and the ERS would be under no obligation to first establish on a *prima facie* basis the proof supporting the deprivation of property rights, or the propriety of the determination.

28.     In the absence of meaningful pre-deprivation due process, a post deprivation hearing is constitutionally inadequate.

29.     Upon rendering a "final determination," the practice of the ERS is to immediately cease pension benefit payments, and seek repayment of benefits previously paid to the individual. Accordingly, Plaintiff Englander's pension was suspended effective January 31, 2009 and he was directed to return $154,318.25 to ERS.

30.     The methods employed by the Defendants as herein set forth and documented in the December 10, 2008 preliminary determination and the February 13, 2009 final determination in acting to deprive Plaintiff Englander of property rights by retroactive application of new policies, practices, and regulations without a meaningful pre-deprivation or post-deprivation hearing is a violation of his rights as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and therefore a violation of 42 U.S.C. § 1983.

10

## NATURE OF THE INJURY TO PLAINTIFF

31.     The actions of the Defendants as described herein, have deprived Plaintiff of constitutionally protected property rights without Due Process of Law and imposed upon him undue financial hardship.  Plaintiff has been forced into the untenable position of having lost a significant property right and being directed to reimburse a significant amount of money to the ERS in a lump sum, without having been afforded any meaningful opportunity to be heard.

32.     Monetary damages cannot compensate Plaintiff Englander for the loss of his constitutionally protected right to Due Process guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

33.     No adequate remedy at law therefore exists to redress Plaintiff's grievances.

34.     Unless the Defendants are enjoined from their conduct in acting to deprive Plaintiff Englander of his protected property rights, his right to Due Process of Law will be continue to be unconstitutionally abridged.

### FIRST CLAIM FOR RELIEF
**(Violation of the Due Process Clause of the Fourteenth Amendment)**

35.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "34," above as though fully set forth herein at length.

11

36.   The actions of Defendants as described herein in failing to afford Plaintiff a necessary, adequate, and constitutionally mandated opportunity to be heard while the Defendants are acting to deprive him of a significant property right violates Plaintiff's right to Due Process of Law guaranteed by the Fourteenth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF
### (Violation of 42 U.S.C. §1983)

37.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "36," above as though fully set forth herein at length.

38.   The actions of Defendants as set forth herein taken under color of state law to deprive Plaintiff of constitutionally protected property rights without affording him a necessary, adequate, and constitutionally mandated opportunity to be heard guaranteed by the Fourteenth Amendment to the United States Constitution, constitute a violation of 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment:

a.   Declaring that Defendants violated his constitutionally protected right to Due Process of Law under the Fourteenth Amendment to the United States Constitution and in violation of 42 U.S.C. § 1983;

12

b.      Enjoining and restraining Defendants from continuing to act to abridge Plaintiff's constitutionally protected property rights without affording him meaningful Due Process of Law;

c.      Enjoining and directing Defendants to reinstate his membership in the New York State Local Employee Retirement System, retroactive to January 31, 2009, with all back pension payments, plus interest;

d.      Awarding Plaintiff costs and disbursements in this action, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and

e.      Awarding Plaintiff such other relief as the Court deems just and proper.

Dated:      Melville, New York
            June 10, 2009

Respectfully submitted,

**HAMBURGER, MAXSON, YAFFE,**
**WISHOD & KNAUER, LLP**
*Attorneys for Plaintiff*

By:      _____
         Eugene L. Wishod, Esq. (ELW 4130)
         225 Broadhollow Road, Suite 301E
         Melville, New York 11747
         631.694.2400

EXHIBIT

A

ORIGINAL

Office of the New York State Comptroller
**Thomas P. DiNapoli**
New York State and Local Retirement System
Employees' Retirement System
Police and Fire Retirement System
110 State Street, Albany, New York 12244-0001

Kevin F. Murray, Deputy Comptroller

December 10, 2008

William Englander
10 Crescent Road
Port Washington, NY 11050

Re:    Reg. #3102270-0

Dear Mr. Englander

Based upon a review of your relationship with North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD, it appears that you were registered as an employee when, in fact, you were an independent contractor. We base this on our review of the records maintained on you by the Retirement System, records provided by the participating employer, and other documentation.

Service rendered to a public employer as an independent contractor is not creditable with the Retirement System. Therefore, it appears your enrollment is invalid.

If you disagree, you may provide information to the Retirement System in support of retaining your service credit and/or benefits. In order to be considered before we issue a determination, such information must be submitted by December 31, 2008. Once a determination is made, you will be provided with written notice and, in the event the determination is adverse to you, an explanation of your right to an administrative hearing.

Sincerely,

Kevin F. Murray

KFM/MD                                    Kevin F. Murray

cc:  Richard Hamburger, Esq.

EXHIBIT

B



Office of the New        State Comptroller
**Thomas P. DiNapoli**
New York State and Local Retirement System
Employees' Retirement System
Police and Fire Retirement System
110 State Street, Albany, New York 12244-0001

Kevin F. Murray, Deputy Comptroller

Phone:   518-474-2600
Fax:      518-486-3117
Email:    kmurray@osc.state.ny.us

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

February 13, 2009

William Englander
10 Crescent Road
Port Washington, NY 11050

Re:   Reg. #3102270-0

Dear Mr. Englander:

Based upon a review of your relationship with the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD, including information provided by you in response to our preliminary determination, it has been determined that you were reported to the Retirement System as an employee when, in fact, you were an independent contractor.  Service rendered to a public employer as an independent contractor is not creditable with the Retirement System.  Accordingly, any salary and days worked that were previously reported to us by the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD must be removed from our records and your membership deemed erroneous. Your pension payments will be suspended effective immediately.

Furthermore, we have advised the North Merrick UFSD, North Bellmore UFSD, Bellmore-Merrick CSD, Smithtown CSD, Mineola UFSD and Bellmore UFSD of this determination. These employers will be credited for any employer contributions concerning this employment.

Since your benefit was based on service and salary that was erroneously reported to the Retirement System, you received pension payments to which you were not entitled for the period of time from October 1, 1996 to January 31, 2009.  Section 111 (b) of the Retirement and Social Security Law requires the Retirement System to correct over or under payments.  Thus, we are required to make recovery of the overpayment amount of $154,318.25.  Please submit a check or money order with the enclosed coupon for this amount made payable to the NY State and Local Retirement System.

The recovery amou... ...es into account any refunds     ...l to you for employee contributions.

The above constitutes a final agency determination in this matter. Pursuant to Section 74 or 374 of the Retirement and Social Security Law, you have the right to an administrative hearing. A request for a hearing and redetermination must be made within four (4) months of the date of this determination and must be made in writing. Such request should be directed to Deborah Richards, Esq., Director of the Bureau of Hearing Administration, New York State and Local Retirement System, 110 State Street, Albany, NY 12244. Please be advised that, pursuant to the State Administrative Procedure Act, the applicant bears the burden of proof.

Sincerely,

Kevin F. Murray

KFM/EP
Enclosure
Cc: Richard Hamburger, Esq.