STATE OF NEW YORK
SUPREME COURT        COUNTY OF ALBANY

---

In the Matter of the Application of
ALBERT A. D'AGOSTINO,

                                        Petitioner,

For a Judgment Pursuant to Article 78
of the Civil Practice Law and Rules.

        -against-

THOMAS P. DINAPOLI, in his capacities as the
COMPTROLLER OF THE STATE OF NEW YORK, and the
administrative head of the NEW YORK STATE AND LOCAL
EMPLOYEES' RETIREMENT SYSTEM, the OFFICE OF
THE COMPTROLLER OF THE STATE OF NEW YORK and
the NEW YORK STATE AND LOCAL EMPLOYEES'
RETIREMENT SYSTEM,

                                        Respondents.

---

Supreme Court Albany County Special Term
Hon. Gerald W. Connolly, Acting Supreme Court Justice Presiding
RJI # 01-08-ST9395   Index No. 8134-08

Appearances:

Roemer Wallens & Mineaux, LLP        DeGraff, Foy & Kunz LLP
Attorneys for Petitioner             Co-Attorneys for Petitioner
13 Columbia Circle                    90 State Street, Suite 1100
Albany, New York 12203                Albany, New York 12207
(James W. Roemer, Jr. and            (David F. Kunz and
Earl T. Redding, Esqs.)              George J. Szary, Esqs.)

Andrew M. Cuomo
Attorney General, State of New York
Attorney for Respondent
The Capitol
Albany, New York 12224
(Douglas J. Goglia, Esq.,
Assistant Attorney General)

**DECISION/ORDER**

Connolly, J.

The instant article 78 proceeding challenges respondents' letter determination dated

August 19, 2008 which terminated petitioner's pension benefits and his membership in the New

York State and Local Retirement System. It further required petitioner to return six years of

benefits amounting to $605,874.79 within 30 days. By prior decision and order, respondents'

motion to dismiss for failure to state a cause of action was granted in part and denied with respect

to claims that the procedures applied to petitioner violated his rights to due process. The

remaining portions of the proceeding have been re-noticed and are now before the Court on the

merits.

Petitioner had maintained part time "employment" with various public agencies,

including three school districts, the County of Nassau, the Town of Hempstead and the Village of

Valley Stream, while also maintaining a private law practice. The respondent Comptroller's

predecessors and the retirement system specifically determined that he was an employee and not

an independent contractor following reviews by high level retirement system examiners.

Petitioner thereafter retired and began receiving benefits in 2000.

By letter dated April 23, 2008, respondents suspended petitioner's pension payments in

which he had a constitutionally protected property interest. The letter stated that the

determination was based upon a preliminary review of respondents' records and that an

investigation was required of the circumstances under which petitioner received service credit.

By letter dated June 27, 2008 respondents made a preliminary determination that petitioner "was

registered as an employee when, in fact, [he was] an independent contractor." The letter stated

only that such determination was based upon retirement system records, records provided by the

2

employer and other unspecified documentation. Such letter gave petitioner 15 days to submit information in support of retaining petitioner's service credit and benefits. Respondents' return establishes that the determination was based upon investigations conducted by employees of the Office of the State Comptroller who had no experience or expertise with respect to the retirement system or the issue of whether an individual is an employee or an independent contractor. It further appears that much of their investigation involved interviewing people who had no personal knowledge of the specifics of petitioner's employment history. The final determination letter of August 19, 2008 stated that, based upon a review of petitioner's relationship with the three school districts and the county, including the information provided by petitioner, it was determined that petitioner was an independent contractor rather than an employee.

Respondents contend that the letter set forth the grounds for the determination; that is, that petitioner was an independent contractor rather than an employee. However, it is clear that this constituted the ultimate conclusion and finding, rather than the factual basis for the determination. No other factual basis or reasoning for the change is provided, notwithstanding the fact that the determination is contrary to longstanding administrative policy and previous specific factual findings (see Matter of Charles A. Field Delivery Serv., Inc., 66 NY2d 516, 516-517 [1985]).

The portions of the petition which survived the motion to dismiss allege that the procedures followed violate petitioner's due process right to a pre-deprivation hearing and that petitioner was not provided with adequate notice of the basis for respondents' charges. Petitioner seeks to revive claims of violations of the New York State Constitution, article V, section 7, and to allege the retroactive application of new policies, practices and procedures which diminish

3

plaintiffs' benefits. The request is based upon the return, which indicates that respondents relied upon recently promulgated regulations at 2 NYCRR § 315.3, which created a presumption that certain part time professionals are independent contractors rather than employees and arguably changed the standards for making a determination on such issue. However, the prior motion to dismiss such claim was granted and the issue is no longer before the Court.

The Petition alleges that the summary termination of benefits and removal from the retirement system violates the fifth and fourteenth amendments of the United States Constitution by depriving petitioner of procedural due process. Petitioner contends that a pre-termination hearing is necessary to provide due process and that petitioner must be given adequate notice of the claims against him. In determining the extent of process which is due in any specific situation, the Court must consider and weigh the nature of the private interest affected, the risk of error under the challenged procedures compared with that of alternative procedures and the interests of the government (see Mathews v Eldridge, 424 US 319, 335 [1976]; Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 691 [2000]).

It appears that the risk of an erroneous temporary-deprivation if the hearing is not held prior to such deprivation under these circumstances is relatively low. The issues involved in the question of whether petitioner was an employee or an independent contractor encompass decades, with his public employment starting in 1972. It is likely that a significant portion of the evidence relevant to the issues will be documentary in nature. Thus, a pre-deprivation hearing which complies with all other due process requirements may not be necessary to prevent a likelihood of an erroneous initial determination. As such, this factor is neutral.

4

As noted in the prior decision, the petitioner has a significant property interest in his retirement system benefits and membership which is specifically protected by the New York State Constitution. It is likely that he has made financial plans and incurred expenses based upon the expectation of continued receipt of the benefits.

While the government has a strong interest in preventing erroneous payments, or in recouping them if made (see Matter of Schwartfigure v Hartnett, 83 NY2d 296, 300 [1994]), respondents have failed to submit any evidence showing a likelihood, or even a significant possibility, of difficulty in recouping payments made during the additional period required for a pre-deprivation hearing. Respondents have submitted only an affidavit from the Deputy Comptroller for the Division of Retirement Services containing an entirely conclusory statement that recoupment would be difficult, if not impossible. Respondents have also failed to make any showing that requiring a pre-deprivation hearing would impose any great burden on the government.

The Court finds that petitioner's significant private interests in continuing to receive his pension benefits outweigh the government's limited interest in effecting the deprivation prior to granting a hearing. It is therefore determined that due process requires that petitioner, who was already receiving retirement benefits, be provided a pre-deprivation hearing (see Lefford v McCall, 916 F Supp 150, 154 [1996]; Ortiz v Regan, 769 F Supp 570, 571 [1991]; Ortiz v Regan, 749 F Supp 1254, 1260 [1990]).

The petition alleges that petitioner was not given any notice of the factual or theoretical basis for respondents' determinations. Such allegations are fully supported by copies of the notices provided. While respondents' return shows that the determination was based upon

5

investigations performed by employees of the Office of the State Comptroller, the determination itself fails to indicate the facts or considerations upon which respondents relied in making such determination. Respondents contend that they gave petitioner sufficient notice by allowing him to pay for copies of his entire retirement system file, and further, that his detailed and voluminous written response establishes that he was able properly to respond to the charges. However, petitioner was not provided with copies of the investigation results upon which respondents relied until the answer was served in this proceeding.

Moreover, a review of his initial administrative submission indicates that he did not address many of the issues relied upon by respondents, including the ability properly to raise the claim that respondents were unconstitutionally relying upon new regulations altering the policies and procedures to be applied to a determination of employment status.

Due process requires meaningful notice of the nature of the charges and evidence against petitioner as well as a statement of the legal basis for the charges in order to allow petitioner adequately to respond to and rebut respondents' claims (see Gray Panthers v Schweiker, 652 F 2d 146, 168-169 [1980]; Escalera v New York City Hous. Auth., 425 F 2d 853, 862 [1970]; Matter of Alvarado v State of N.Y., Dept. of State, Div. of State Athletic Commn., 110 AD2d 583, 584 [1st Dept., 1985]; Butler v Wing, 177 Misc 2d 779, 790-791 [Sup Ct, New York County 1998] *revd on other grounds* 275 AD2d 273 [1st Dept., 2000]). Respondents failed to provide such notice.

It is therefore determined that respondents violated petitioner's right to procedural due process by depriving him of continuing retirement benefits prior to granting him a hearing and by failing to provide adequate notice of the nature of and factual basis for the claims against him.

6

Accordingly, it is

**ORDERED**, that the petition is hereby granted, and it is further,

**ORDERED**, that the determination to terminate petitioner's pension benefits and his membership in the New York State and Local Retirement System is vacated and annulled, and it is further

**ORDERED**, that the respondents are directed to pay accrued arrears in petitioner's pension within 30 days of service of a copy of this decision and order, together with notice of entry, and it is further

**ORDERED**, that such payments shall be subject to recoupment in the event petitioner's pension benefits and membership are properly terminated in the future.

This constitutes the decision and order of the Court. The original decision and order are being returned to the attorneys for the petitioner. A copy of this decision and order and all other original papers are being delivered to the Albany County Clerk's Office. The signing of this decision and order and delivery of a copy of the decision and order shall not constitute entry or filing under CPLR § 2220. Counsel is not relieved from the applicable provisions of that rule respecting filing, entry and notice of entry.

SO ORDERED.
ENTER.

Dated: August 20, 2009
Albany, New York

Hon. Gerald W. Connolly
Acting Supreme Court Justice

7

Papers Considered:

1.   Order to Show Cause dated September 29, 2008;
2.   Petition verified September 26, 2008 with accompanying exhibits;
3.   Affirmation of James W. Roemer, Jr., Esq. dated September 26, 2008 with accompanying exhibits;
4.   Affidavit of Albert A. D'Agostino, Esq. dated September 26, 2008;
5.   Supplemental Affidavit of Albert A. D'Agostino, Esq. dated September 26, 2008 with accompanying exhibits;
6.   Answer verified May 6, 2009;
7.   Affidavit of Kevin F. Murray dated May 4, 2009 with accompanying exhibits;
8.   Reply Affidavit of Albert A. D'Agostino, Esq. dated May 19, 2009 with accompanying exhibits.